UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 19-24221-CIV-COOKE/GOODMAN

LUCERO MALONEY,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

## REPORT AND RECOMMENDATIONS ON SUMMARY JUDGMENT MOTIONS

This case challenges a denial of disability insurance benefits and supplemental security income. Plaintiff Lucero Maloney and Defendant Andrew M. Saul, Acting Commissioner of the Social Security Administration, filed cross-motions for summary judgment. [ECF Nos. 20; 22]. The Commissioner's summary judgment motion also served as his opposition response to Maloney's motion. [ECF No. 23]. Maloney then filed a response in opposition to the Commissioner's motion, which also served as her reply to the Commissioner's opposition response. [ECF No. 24]. According to the Clerk's directive in these types of administrative appeals, as well as United Stated District Court Judge Marcia G. Cooke's Order of referral, all dispositive matters have been referred to the Undersigned for a Report and Recommendations. [ECF Nos. 2; 27].

As explained below, the Undersigned **respectfully recommends** that the District

Court **grant** Maloney's summary judgment motion, **deny** the Commissioner's summary judgment motion, **reverse** the ALJ's decision, and **remand** for further proceedings pursuant to 42 U.S.C. § 405(g), with instructions to the ALJ to re-evaluate the evidence to determine whether good cause exists to discount Dr. Scudder's opinion and otherwise assess the evidence consistent with this Report's recommendations.

I.    **Procedural Background**

On May 25, 2016, Maloney applied for disability and disability-insurance benefits (DIB), alleging a disability onset date of February 11, 2012. (R. 220-26, 227-32).[1] Maloney alleged disability due to diabetes, Crohn's disease, fibromyalgia, depression, anxiety, high blood pressure, insomnia, neuropathy, allergies, 10 herniated vertebrae, osteoporosis, and kidney stones. (R. 261). The Commissioner denied the applications initially and on reconsideration. (R. 108-15, 118-29).

A hearing was held before Administrative Law Glen H. Watkins ("ALJ") on October 16, 2018. (R. 33-53). The ALJ issued a decision on December 6, 2018, finding Maloney not disabled. (R. 18). The Appeals Council denied review of the ALJ's decision. (R. 1-3). The Commissioner's final decision is now subject to review.

---

[1]    Citations to ("R. __") refer to pages of the administrative record transcript. [ECF No. 10].

## II. Factual Background

Maloney was 54 years old on her alleged onset date and 61 when the ALJ issued his decision. (R. 220). Maloney has a college education and previously worked as a special education teacher for approximately 20 years. (R. 251, 262). She testified that she stopped working as a special education teacher in 2012 because her pain from her physical exertion on the job became too severe. (R. 40). As a special education teacher, she testified, she needed to perform difficult physical tasks, such as carrying heavy books for students, lifting students in and out of their wheelchairs, pushing and pulling students in their wheelchairs, and walking up and down stairs to accompany students to different classrooms. (R. 38-40).

She testified during the hearing that after she stopped working in 2012, she was unable to afford her home and needed to move in with her brother. (R. 46). Her brother drives her wherever she needs to go. (R. 48-49). She is able to do her own laundry and dust some of the furniture in her brother's home. (R. 49). She does not attend church because it is too far for her to drive (and her brother does not like to attend) so she watches church services online. *Id.*

## III. Applicable Legal Standards

### a. *Standard of Review*

In evaluating a claim for disability benefits, an ALJ must follow the five steps outlined in 20 C.F.R. §§ 416.920(a) and 404.1520, which the Undersigned summarizes as

follows:

1. **Step one**. Is the claimant performing substantial gainful activity? If not, then an ALJ next determines:

2. **Step two**. Does the claimant have one or more severe impairments? If the claimant does, then an ALJ next considers:

3. **Step three**. Does the claimant have a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled; if not, then an ALJ must determine claimant's residual functional capacity ("RFC"); and then determine:

4. **Step four**. Based on the RFC, can claimant perform his or her past relevant work? If so, then the claimant is not disabled. If the claimant cannot perform his or her past relevant work, then an ALJ must finally determine:

5. **Step five**. Based on the claimant's age, education, and work experience, and the RFC, can he or she perform other work? If so, then the claimant is not disabled. If not, then the claimant is disabled and entitled to benefits.

*See, e.g., Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004).

The claimant bears the burden of proving that he is disabled within the meaning of the Social Security Act. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). In reviewing the decision, the Court must consider the record as a whole and determine whether the ALJ applied the correct legal standard and whether substantial evidence in the record supports his findings of fact. *Powers v. Heckler*, 738 F.2d 1151, 1152 (11th Cir. 1984). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Phillips*, 357 F.3d at 1240 n.8 (internal citation omitted).

The Court is authorized to enter a judgment affirming, modifying, or reversing the decision of an ALJ, with or without remand. 42 U.S.C. § 405(g); *Crawford & Co. v. Apfel*, 235 F.3d 1298, 1302 n.13 (11th Cir. 2000).

## IV. The ALJ's Findings

In denying Maloney's claim for benefits, the ALJ followed the sequential five-step evaluation process for social-security claims. (R. 13-18).

At step one, the ALJ concluded that Maloney had not engaged in substantial gainful activity since February 11, 2012, the alleged onset date of her symptoms. (R. 13). At step two, the ALJ concluded that Maloney has the following severe impairments: fibromyalgia, lumbar disc disease, diabetes mellitus, carpal tunnel syndrome, neuropathy, and hypertension, and these "medically determinable impairments significantly limit the ability to perform basic work activities as required by SSR 85-28." (R. 13).

At step three, the ALJ concluded that Maloney did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 15). Specifically, the ALJ stated that "[n]o medical opinion is of record to support such a finding nor does the clinical evidence of record as a whole support such a finding. No treating or examining physician has mentioned findings, either singularly or in combination, equivalent in severity to the criteria of any listed impairments." *Id.*

The ALJ then determined that Maloney has the RFC to perform "light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she is limited to no more than frequent fine and gross manipulation." (R. 15).

At step four, aided by vocational expert ("VE") testimony by Stacy Fisher, the ALJ concluded that Maloney can perform her past relevant work as a special education teacher because "[t]his work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 C.F.R. 404.1565 and 416.965)." (R. 18). The ALJ stated that Maloney is able to perform her past relevant work as a teacher and teacher for the mentally impaired/learning disabled "as generally performed." *Id.* Thus, the ALJ found that Maloney was not disabled from February 11, 2012, the alleged onset date of disability, through the date of the ALJ's decision of December 6, 2018. (R. 18).

V. **Analysis**

Maloney raises three arguments in her summary judgment motion. [ECF No. 20]. Maloney claims that: (1) the ALJ failed to provide the requisite good cause to accord less than "controlling weight" to the opinions of Maloney's treating physician, Lisa Scudder, D.O.; (2) the ALJ's RFC finding is not supported by the substantial evidence of record; and (3) the ALJ failed to properly assess the claimant's alleged symptoms and limitations.

The Undersigned agrees with Maloney that the ALJ failed to provide good cause for discounting Dr. Scudder's opinion, the ALJ's RFC finding is not supported by the

record, and the ALJ's credibility finding as it relates to Maloney's symptoms and diagnoses is not supported by substantial evidence.

### A. The ALJ failed to provide the requisite good cause to accord less than "controlling weight" to Dr. Scudder's opinions.

Maloney argues that the ALJ committed reversible error by failing to provide good cause for according "little weight" to the opinions of Dr. Scudder. The Undersigned agrees.

An ALJ "must give a treating physician's opinion 'substantial or considerable weight' unless there is 'good cause' not to do so." *Mace v. Comm'r, Soc. Sec. Admin.*, 605 F. App'x 837, 841 (11th Cir. 2015) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)); *see also* 20 C.F.R. § 404.1527(d)(1)-(2). Good cause exists "when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Mace*, 605 F. App'x at 841 (citing *Winshel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011)). And the ALJ "must clearly articulate her reasons for giving less weight to a treating physician's opinion." *Mace*, 605 F. App'x at 841.

An ALJ is required to "state with particularity the weight he gave the different medical opinions and the reasons therefor." *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987). Generally, an examining or treating physician's opinions are given more weight than non-examining or non-treating physicians' opinions unless "good cause," as described above, is shown to the contrary. *See* 20 C.F.R. § 404.1527(d)(1)-(2); *Lewis v.*

7

*Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). There is no reversible error if the ALJ clearly articulates the reasons for giving less weight to the treating physician's opinion, as long as those reasons are supported by substantial evidence. *See Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005).

Here, the ALJ did not provide "controlling weight" to the opinions of Dr. Scudder and instead provides "little weight" to Dr. Scudder's opinions. The ALJ accords "little weight" because he states that "the treatment notes do not show the complaints and limitations Dr. Scudder is attributing to the claimant." (R. 17).

However, the ALJ mischaracterizes Dr. Scudder's treatment notes and fails to mention the numerous examples in Dr. Scudder's treatment notes where she documents Maloney's complaints of pain and limitations and provides opinions regarding Maloney's functional limitations. *See Mace*, 605 F. App'x at 843-44 (finding that ALJ improperly ignored "episodic nature" of claimant's bipolar disorder and other mental impairments).

For example, Maloney visited Dr. Scudder beginning in February 2015 and was diagnosed with essential hypertension, hypercholesterolemia, diabetes type II, peptic ulcer, and osteopenia/bone pain. (R. 392). When Maloney visited Dr. Scudder again later that month with additional complaints, she was diagnosed with otitis externa of the right ear, an abnormal mammogram, and diabetes type II, and was prescribed Invokana, Victoza, and Metformin. (R. 393-97). In June 2015, Maloney visited Dr. Scudder twice with

8

complaints of back and stomach pain when she eats and elevated blood sugar, which resulted in Dr. Scudder's diagnosis of abdominal pain, history of peptic ulcer disease, diabetes type II, and lumbar strain. (R. 401-05).

Maloney saw Dr. Scudder more than 20 times between June 2015 and July 2018 with complaints of chronic pain and severe discomfort stemming from her diagnosis of diabetes type II, fibromyalgia, neuropathy, and hypertension. (R. 406-09, 413, 417, 418-22, 437, 450, 456-62, 616-20, 625-31, 632-37, 638-42, 643-44, 646-48, 649-52, 653-57, 658-63, 664-70, 676-81, 688-93, 694-99, 700-04, 705-09). During these visits, Dr. Scudder documented her opinions based on her examinations of Maloney. *Id.*

Additionally, Dr. Scudder thoroughly documented Maloney's limitations related to the conditions she most frequently treated. On September 24, 2018, Dr. Scudder completed a Medical Source Statement of Ability to do Work-Related Activities (Physical) in which she opines, based on her examinations of Maloney, treatment notes, and medical history, that Maloney has the functional capacity to occasionally lift and carry up to ten pounds, sit for three hours total in an eight-hour workday, stand 30 minutes total in an eight-hour workday, and walk for 30-minutes total in an eight-hour workday, she has a decreased range of motion, she cannot limb stairs or ramps, she needs a quiet noise-level, and is unable to walk a block at a reasonable pace on uneven surfaces. (R. 728-33).

Dr. Scudder completed the Fibromyalgia RFC Questionnaire indicating that Maloney meets the American College of Rheumatology criteria for fibromyalgia, and that

9

she also is diagnosed with depression, diabetes, hypertension, gout, arthritis, and a history of breast cancer. (R. 736-38). Throughout the questionnaire, Dr. Scudder details Maloney's symptoms, locations of pain, and impairments. *Id.* Through analysis of her treatment notes from the multitude of visits from Maloney, Dr. Scudder was able to determine that Maloney's impairments are reasonably consistent with the symptoms and functional limitations described in the questionnaire, she has pain and other symptoms severe enough to interfere with attention and concentration on a frequent basis throughout a typical workday and is incapable of performing even low stress jobs. *Id.* Maloney requires a job where she can shift from sitting to standing to walking to laying down when she needs to, with frequent breaks, and the ability to elevate her legs throughout the day. *Id.*

Dr. Scudder also completed a Diabetes RFC Questionnaire (R. 742-44), as well as a Neuropathy RFC Questionnaire (R. 747-49) describing Maloney's symptoms, pain, and impairments based on her treatment notes and frequent physical examinations.

With such frequent and thorough treatment of Maloney, the Undersigned cannot find good cause for the ALJ's decision to accord "little weight" to Dr. Scudder's opinions. The ALJ merely states that Dr. Scudder's "treatment notes are not consistent with other substantive evidence of record." (R. 17). The ALJ does not point to any conflicting record evidence to dispute Dr. Scudder's treatment notes or opinions in the four questionnaires.

Accordingly, the Undersigned finds that the ALJ did not provide good cause for discounting Dr. Scudder's opinions. *See Moore*, 405 F.3d at 1212.

## B. The ALJ's RFC finding is not supported by the substantial evidence of record.

Maloney argues that the ALJ's RFC assessment was not supported by substantial evidence because the ALJ improperly discounted Maloney's treating sources' opinions regarding her limitations and failed to consider the limitations and restrictions imposed by Maloney's impairments, even those that are not severe. [ECF No. 20, pp. 10-11]. The Undersigned agrees.

The ALJ determined that Maloney has the RFC "to perform light work as defined in 20 CRF 404.1567(b) and 416.967(b), except she is limited to no more than frequent and fine gross manipulation." (R. 15).

As discussed above, the Undersigned finds that the ALJ improperly discounted Dr. Scudder's opinions, specifically those relating to Maloney's physical and mental limitations. As a result, the ALJ does not appear to have accounted for those limitations in the RFC determination, which was in error.

Further, even though the ALJ acknowledges that Maloney has chronic pain from "numerous herniated discs," fibromyalgia, diabetes, hypertension, and carpal tunnel (R. 16-17), and recognizes that "[t]his evidence shows the claimant has impairments that are capable of creating limitations on her ability to function" (R. 17), the RFC merely states that her only limitation for light work is "no more than frequent and fine gross

11

manipulation." (R. 15).

The RFC fails to account for the treating sources' opinions regarding Maloney's limitations on prolonged sitting, provides no limitations on reaching, minimal limitations on use of hands, and no limitations regarding Maloney's need for breaks during the workday. The RFC does not incorporate any of Dr. Scudder's detailed notes regarding her opinion of Maloney's RFC in the Medical Source Statement of Ability to do Work-Related Activities (Physical) (R. 728-33), Fibromyalgia RFC Questionnaire (736-38), RFC Questionnaire (R. 742-44), and Neuropathy RFC Questionnaire (R. 747-49).

Moreover, the RFC does not account for the amount of absences Maloney would reasonably expect to incur as a result of her diagnosed conditions and treatment for her conditions. The VE testified that being off-task for more than 15 percent of the workday is in excess of what would be accepted by an employer and would be preclusive for retaining employment. (R. 52). As confirmed by the VE, employers would not tolerate more than two absences a month, and Dr. Scudder noted that Maloney would be missing more than two workdays per month.

The ALJ's decision states that she can perform her past work as a special education teacher, but the decision does not account for the physical requirements of the job, as described by Maloney in her hearing testimony. (R. 38-40).

An ALJ must consider "the applicant's *entire* medical condition in determining whether the applicant can return to her past work (step four), and if not, whether the

applicant can perform other work available in the national economy (step five)." *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (emphasis added); *see also See Barrio v. Comm'r of Soc. Sec. Admin.*, 394 F. App'x 635, 637 (11th Cir. 2010) ("In making the RFC determination, the ALJ must consider all the record evidence, including evidence of non-severe impairments.").

Remand is appropriate if the Court is unable to determine whether the ALJ considered the claimant's *entire* medical condition in his or her analysis. *See Jamison*, 814 F.2d at 589 (remanding to the Secretary for further proceedings where the Court could not determine from the ALJ's decision "whether the ALJ considered [the claimant's] visual impairment in combination with her bursitis and arthritis in determining whether she was disabled within the meaning of the regulations").

Accordingly, the Undersigned finds that remand is warranted so that the ALJ may consider Maloney's entire medical condition in his analysis and issue an RFC based on the substantial evidence of record.

**C. The ALJ failed to properly assess Maloney's alleged symptoms and limitations.**

Maloney argues that the ALJ failed to properly assess her subjective symptoms of pain and limitations. [ECF No. 20, pp. 12-23]. "[C]redibility determinations are the province of the ALJ, and [a court] will not disturb a clearly articulated credibility finding supported by substantial evidence." *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014) (internal citations omitted) (finding ALJ's credibility determination to be

13

supported by substantial evidence where ALJ "pointed to specific reasons for discrediting [the claimant's] subjective complaints of disabling pain"); *see also Wilson v. Barnhart*, 284 F.3d 1219, 1226 (11th Cir. 2002) ("[W]e find that the ALJ made a reasonable decision to reject [the claimant's] subjective testimony, articulating, in detail, the contrary evidence as his reasons for doing so.").

During the hearing before the ALJ, Maloney testified that she is unable to work due to fibromyalgia, back pain, osteoarthrosis, carpal tunnel syndrome, and diabetes. (R. 15). She described her low energy and pain throughout her body, resulting in her inability to sit or stand for extended periods of time. *Id.* She testified that she can only sit for 15 minutes at a time and stand or walk for five minutes at a time. *Id.* Maloney stopped working as a special education teacher in 2012 after the physical requirements of the job (carrying heavy books, lifting students from wheelchairs, pushing and pulling students in wheelchairs, walking to multiple classrooms, and climbing stairs to chaperone students to other classrooms) resulted in too much pain. (R. 38-40).

The ALJ found that Maloney's "statements concerning the intensity, persistence, and limiting effects of these symptoms [were] not entirely consistent with the medical evidence and other evidence in the record." (R. 16).

The ALJ pointed to "treatment notes throughout 2015 show[ing] the claimant denied joint pain, tenderness, weakness, immobility, or loss of function." (R. 16). However, the ALJ fails to account for the rest of Maloney's medical record, where she

was diagnosed with hypertension, hypercholesterolemia, diabetes type II, a peptic ulcer, and bone pain (R. 392), displayed symptoms of epigastric pain, abdominal pain, gastroesophageal reflux disease, among other gastro-intestinal impairments (R. 372-74), back and stomach pain when she eats (R. 398-401), and five other visits to her treating physician with similar complaints of pain and symptoms (R. 375, 378, 386-87, 406-09, 479-80, 413). Moreover, the ALJ stated that "the claimant did not need an assistive device for ambulation" (R. 17); however, treatment notes demonstrate that Maloney has a slow and wide-based gait with a limp, reduced strength, a reduction of range in her spine, shoulders, hips, and hands (R. 429), bulging of her spinal discs (R. 491-92), and inability to walk for an extended period of time without stabbing pain (R. 766).

Notably, the ALJ acknowledges Maloney's diagnosis of fibromyalgia (R. 17) but fails to recognize that fibromyalgia is accepted as a medically determinable condition that can be disabling. *See* Social Security Ruling 12-2p (2012); *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Stewart v. Apfel*, 245 F.3d 793 (11th Cir. Dec. 20, 2000)) ("[W]e reviewed medical research on fibromyalgia, which often lacks medical or laboratory signs, and is generally diagnosed mostly on [an] individual's described symptoms. Because the impairment's hallmark is thus a lack of objective evidence, we reversed an ALJ's determination that a fibromyalgia claimant's testimony was incredible based on the lack of objective evidence documenting the impairment.").

The Undersigned does not find that the ALJ pointed to substantial evidence to

discredit the intensity, persistence, and limiting effects of Maloney's symptoms caused by her fibromyalgia, diabetes, Crohn's disease, neuropathy, and herniated vertebrae.

Further, because the Undersigned finds that the ALJ did not provide good cause for discounting Dr. Scudder's opinion, as described above, and because the resulting RFC finding may be flawed, on remand the ALJ should revisit his credibility determination based on those findings.

## VI. Conclusion

The Undersigned **respectfully recommends** that the District Court **grant** Maloney's summary judgment motion, **deny** the Commissioner's summary judgment motion, **reverse** the ALJ's decision, and **remand** for further proceedings pursuant to 42 U.S.C. § 405(g), with instructions to the ALJ to re-evaluate the evidence to determine whether good cause exists to discount Dr. Scudder's opinion and otherwise assess the evidence consistent with this Report's recommendations..

## VII. Objections

The parties will have 14 days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the District Judge. Each party may file a response to the other party's objection within 14 days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in

the Report except upon grounds of plain error if necessary in the interests of justice. *See* 29 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

      **RESPECTFULLY RECOMMENDED** in Chambers, Miami, Florida, on February 13, 2021.

                                            Jonathan Goodman
                                            UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Marcia G. Cooke
All counsel of record